IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Crim. No. 5:07-CR-69-F
Civ. No. 5:12-CV-225-F

| | | |
|---|---|---|
| KEVIN ALONZO JOHNSON,<br>Petitioner, | )<br>)<br>) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) | |

Upon his conviction of possession of a firearm by a felon, Kevin Alonzo Johnson was sentenced in April 2008 as an armed career criminal, pursuant to 18 U.S.C. §§ 922(g) and 924(e), to a term of 176 months imprisonment to be followed by a five-year term of supervised release. *See* [DE-32]. Pursuant to the terms of his plea agreement [DE-20], he did not appeal or collaterally attack his conviction or sentence. His projected release date is December 8, 2019.

The Fourth Circuit Court of Appeals on August 17, 2011, announced its *en banc* decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), acknowledging a decades-long misapplication of the North Carolina Structured Sentencing Act[1] to determining whether a prior North Carolina conviction constituted a "felony" for purposes of federal criminal law. The decision affects not only many persons convicted of possession of a firearm by a felon under § 922(g) by effectively eliminating the "felon" status element of that offense, but potentially has very far-reaching implications for federal sentences imposed over nearly three decades on a variety of federal crimes.

In light of the *Simmons* ruling, Johnson filed a Motion to Vacate, Set Aside or Correct his sentence [DE-35] on April 25, 2012. Counsel was appointed to represent him and filed a memorandum in support of his position, *see* [DE-42]. On August 20, 2012, the Government

---

[1] The Structured Sentencing Act became effective in North Carolina on October 1, 1994.

filed a Response [DE-43] agreeing that Johnson should be re-sentenced in light of *Simmons'* rationale and in the interests of justice. The Government's Response is incorporated herein by reference.

In light of the record in this case, the parties' memoranda, and the best interest of justice and fairness, Johnson's § 2255 motion [DE-35] is ALLOWED insofar as he seeks re-sentencing. The Clerk of Court is DIRECTED to schedule and notice a hearing on re-sentencing during this court's **November 5, 2012**, term of court in Wilmington, North Carolina. The Government will ensure Johnson's timely writ, transportation and housing for the re-sentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare and publish to the appropriate parties a recalculation of Johnson's corrected advisory Guideline Range, applying *Simmons'* ruling and the provisions of the Fair Sentencing Act of 2010.

SO ORDERED.

This, the 22nd day of August, 2012.

JAMES C. FOX
Senior United States District Judge